UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Green, | ) C/A No. 4:09-2573-TLW-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Gwen T. Hyatt, | ) |
| Defendant. | ) |

Introduction

Thomas Green ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 against the Clerk of Court for Dillon County, South Carolina, Gwen T. Hyatt.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. He alleges that the defendant violated his Constitutional rights, and he seeks money damages. The complaint should be dismissed based upon immunity.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege

2

facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that on May 28, 2008, he placed a "notarized APPLICATION FOR POST-CONVICTION RELIEF in the United States Mail through Certified Mail to the office of the Dillon County Clerk of Court ..." (Compl. at 2.) On or about June 13, 2008, the plaintiff allegedly received a response letter from the defendant dated June 12, 2008, wherein the defendant explained that she was returning the post-conviction relief ("PCR") application to the plaintiff because it appeared that the defendant was not incarcerated and a PCR application is for someone who is incarcerated.[2] (Compl. at 2.) The plaintiff alleges that the defendant in her letter "wrongfully referred him to discuss the issues within his case with individual(s) that she knew or should have known could not assist the Plaintiff." (Compl. at 3.) Plaintiff alleges that the defendant's actions of refusing to file his PCR application, returning the PCR application to the plaintiff, and writing the plaintiff a letter essentially admitting that she discriminated against him because he was a "non-incarcerated" person violated the plaintiff's Constitutional rights to equal protection, due process, and to petition the government for a redress of grievances. The plaintiff seeks $1 million in compensatory damages and $2 million in punitive damages.

---

[2] The plaintiff indicated on the complaint that he attached Exhibits A and B (his application for PCR and Hyatt's June 12, 2008, letter to the plaintiff). However, those exhibits are not in the record. Regardless, giving liberal construction to the complaint, this court assumes that those documents exist and that they are as the plaintiff describes them to be.

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the plaintiff in this case did allege a cognizable cause of action pursuant to § 1983, defendant Hyatt has absolute quasi-judicial immunity from this lawsuit. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). Notably, "[t]he clerks of court are also entitled to immunity the same as judges when performing their duties." *Zimmerman v. Spears*, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565

F.2d 310 (5th Cir. 1977). *See e.g., Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (noting that clerks of court who mailed transcripts to a prisoner or failed to provide requested transcripts were entitled to quasi-judicial immunity because those actions were truly judicial acts). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).

In this case, the defendant's conduct of refusing to file a PCR application was integrally related to the judicial process. The defendant's letter explained that the plaintiff had to be incarcerated to file a PCR application.[3] It is implied that the defendant believed that some court rule existed providing who is permitted to file PCR applications. The defendant's alleged conduct was performed within her Clerk of Court job responsibilities of handling the filing of cases. Therefore, the defendant in her individual capacity has immunity from suit. The doctrine of absolute judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, ... and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992).

To the extent that the defendant is sued in her official capacity, she also has immunity from this lawsuit. County Clerks of Court are elected by voters of a county. *See* S.C. Const. Art. V, § 24

---

[3] Whether or not a person must be incarcerated in order to bring a PCR application in the South Carolina courts is not dispositive to this case. Thus, even assuming that the defendant was incorrect to believe that the plaintiff had to be incarcerated in order to file a PCR application, the defendant still has quasi-judicial immunity from this lawsuit. *C.f.,* S.C. Code Ann. § 17-27-20 and § 17-27-40 (1976); *Talley v. State*, 640 S.E.2d 878, 879 (S.C. 2007) (in South Carolina, an applicant may use the post-conviction process to challenge a conviction entered in a municipal court or in a county magistrate's court).

5

("There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof."). Since the Clerk of Court for Dillon County is an elected state official, she is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, its integral parts, or a state official acting in his or her official capacity. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

<u>Recommendation</u>

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process based upon immunity. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 16, 2009
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).